UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WICKED TACO LLC D/B/A BONGO BURRITO,
NDL RESTAURANT CORP. D/B/A
CHARRED BRICK OVEN,
D & L RESTAURANT CORP. D/B/A
NOLA KITCHEN F/N/A PUGLIA'S,

            Plaintiffs,

    - against -

C.K. LEE,

            Defendant.
----------------------------------------------------------------X

Case _____

**COMPLAINT**

Jury Trial Demanded

Plaintiffs Wicked Taco LLC d/b/a Bongo Burrito ("Bongo"), NDL Restaurant Corp. d/b/a Charred Brick Oven ("Charred"), D & L Restaurant Corp. d/b/a Nola Kitchen f/n/a Puglia's ("Nola"), by their attorneys, Silverberg P.C., for their complaint against defendant C.K. Lee ("CK Lee"), alleges as follows:

**Parties**

1. Bongo is a corporation existing by virtue of the laws of New York.

2. Charred is a corporation existing by virtue of the laws of New York.

3. Nola is a corporation existing by virtue of the laws of New York.

4. Defendant CK Lee is an individual who is an attorney.

5. This Court has subject matter jurisdiction over the parties based on federal question jurisdiction. (28 U.S. Code § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").)

6. Venue is proper in in the Eastern District of New York ("EDNY") because the events described herein arose in the EDNY. (28 U.S. Code § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").)

## Nature of Case

7. By this action, plaintiffs seek monetary damages against CK Lee under the following two causes of action:

   a. Violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S. Code § 1961 *et seq*.; and,

   b. Violation of New York Judiciary Law § 487.

8. As discussed further below, CK Lee, through his law firm the Lee Litigation Group, PLLC ("Lee Litigation"), brought a frivolous shakedown lawsuit against Bongo, Charred, and Puglia's. CK Lee manufactured the facts in the complaint. CK Lee had his clients submit knowingly false sworn declarations and give knowingly false sworn deposition testimony to support CK Lee's manufactured facts. CK Lee's acts constituted subornation of perjury (18 U.S. Code § 1622) and witness tampering (18 U.S. Code § 1512).

## Background

9. Charred is a restaurant located in Seaford, New York. Charred serves Italian style food and brick oven pizza. Charred opened up in November 2020.

10. Bongo was a restaurant located in Seaford, New York. Bongo served Mexican style food. Bongo opened in June 2023 and closed in December 2024.

11. Nola is a restaurant located in Seaford, New York. Nola's serves modern style Italian cuisine. Nola opened in May 2024. Prior to Nola, D & L Restaurant Corp., operated a restaurant at the same location called Puglia's. Puglia's was an Italian style steakhouse. Puglia's closed in June 2023 due to a fire.

12. All three restaurants are located on the same block in Seaford, New York. All three restaurants are owned by the same owner, Greg Garofalo.

13. Around October 16, 2023, Bongo hired a person named Jose Gonzalez ("Gonzalez") to be the head chef. Within a few weeks it became clear that Gonzalez's employment was not working out. On or about November 14, 2023, Bongo terminated Gonzalez.

14. On December 28, 2023, Gonzalez, through his attorneys, Lee Litigation, filed a complaint in United States District Court, EDNY, alleging violations under the federal Fair Labor Standards Act ("FLSA"), under New York Labor Law for alleged employment law violations, and under New York law for alleged retaliation and discrimination (the "Gonzalez Complaint"). That case is titled, *Gonzalez v. Wicked Taco LLC et al.*, EDNY Dock. # 23-cv-09555-NCM-JAM ("Gonzalez Action"). CK Lee signed the complaint.

15. Gonzalez, who only worked at Bongo, claimed that Bongo, Charred, and Puglia's all operated as a single integrated enterprise for purposes FLSA liability and for purposes of New York Labor Law liability.

16. In support of Gonzelez's claim of an integrated enterprise, the Gonzalez Complaint alleged that, "the Restaurants interchange employees and supplies."

17. Subsequently, on January 31, 2025, Magistrate Judge Joseph A. Marutollo conditionally certified the Gonzalez Action as an FLSA collective action as to Bongo and Charred.

18. In November 2025, four former Charred employees opted into the FLSA collective action. Those former Charred employees were Juan Francisco Martinez Mejia ("Juan Mejia"), Hector Ventura, Carly Zincone, and Jose Noel Osorio Mejia. (One Bongo employee opted into the FLSA collective action.)

19. On December 29, 2025, the defendants in the Gonzalez Action took Juan Mejia and Hector Ventura's deposition.

20. On January 16, 2026, in the Gonzalez Action, CK Lee submitted sworn declarations from Juan Mejia, Hector Ventura, and Carly Zincone in support of the Gonzalez Action plaintiffs' motion for summary judgment and in support of a Rule 23 class action. (District Judge Natash Merle had a "bundling rule" whereby the papers had to be transmitted to opposing counsel but not filed until the return date.) CK Lee's Rule 23 class action motion sought to establish that Puglia's was an integrated enterprise with Charred under New York's Labor Law.

21. In December 2025, and January 2026, opt-in plaintiffs Juan Mejia, Hector Ventura, and Carly Zincone all testified, either through sworn declarations or through deposition testimony or both, that Charred and Bongo swapped workers on a regular basis, as well as other alleged facts about Bongo. They gave this testimony to support their allegation that Charred was an integrated enterprise with Bongo. The problem for Juan Mejia, Hector Ventura, and Carly Zincone was that Charred employed them in 2021 and 2022, and Bongo did not open its doors for business until June 2023. What Juan Mejia, Hector Ventura, and Carly Zincone all said under oath about Bongo were fabricated lies. Juan Mejia, Hector Ventura, and Carly Zincone committed incontrovertible perjury.

22. CK Lee, an experienced plaintiff's wage and hour attorney, knows what the standards are for establishing an integrated enterprise between Charred and Bongo Burrito. Juan Mejia,

Hector Ventura, and Carly Zincone do not. Only CK Lee could guide Juan Mejia, Hector Ventura, and Carly Zincone to testify the way they did.

23. It is now clear that all the disputed factual issues going back to Gonzalez's original December 28, 2023, complaint were not honest differences in people's perception of the facts. Rather, all the disputed facts were intentionally manufactured lies that came from CK Lee.

24. CK Lee's scheme was to start a complex federal FLSA and New York Labor Law lawsuit based on perjured facts to cudgel Bongo, Charred, and Puglia's into paying money to settle the case to avoid the costs of litigation and the risks associated with having to disprove CK Lee's perjured facts. In the process, CK Lee sought to obtain rulings from the court against Bongo, Charred, and Puglia's based on perjured facts. If a settlement could not be had, then CK Lee, based on perjured testimony, would seek a money judgment against Bongo, Charred, and Puglia's. Hereafter, CK Lee's above noted scheme will be referred as the "Scheme."

25. As of the filing of this action, the Gonzalez Action is still ongoing.

### Cause of Action #1
### RICO Act

26. Plaintiffs repeat all prior paragraphs as if fully stated herein.

27. Lee Litigation is a New York domestic professional service limited liability company that operates as a law firm. Lee Litigation's activities affect interstate commerce. CK Lee claims that Lee Litigation has been "approved as class counsel in over 100 wage class actions."

28. Upon information and belief, CK Lee is Lee Litigation's managing partner.

29. Lee Litigation is a RICO enterprise. (18 U.S. Code § 1961(4).)

30. CK Lee conducted and participated in the Lee Litigation's conduct through a pattern of racketeering activity. (18 U.S. Code § 1962(c).)

31. CK Lee's predicate acts of racketeering include wire fraud (18 U.S. Code § 1343) and witness tampering (18 U.S. Code § 1512). (18 U.S. Code § 1961(1)(B).)

32. The federal wire fraud statute, 18 U.S. Code § 1343, states: "Whoever, having devised or intending to devise any scheme . . . to defraud, or for obtaining money or property by means of false or fraudulent pretenses, [or] representations . . . , transmits . . . by means of wire . . . in interstate . . . commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme . . . , shall be fined under this title or imprisoned not more than 20 years, or both."

33. The federal witness tampering statute, 18 U.S. Code § 1512(b)(1), states: "Whoever . . . corruptly persuades another person . . . with intent to influence . . . the testimony of any person in an official proceeding . . . . shall be fined under this title or imprisoned not more than 20 years."

34. CK Lee used the United States PACER electronic case filing system ("Pacer") to file documents to execute CK Lee's Scheme.

35. CK Lee used the internet and email to execute his scheme.

36. CK Lee corruptly persuaded plaintiffs in the Gonzalez Action to influence them to give false sworn testimony in the Gonzalez Action. Only CK Lee, an experienced plaintiff's wage and hour attorney, knew the legal standard for establishing an FLSA and New York Labor Law integrated enterprise. The opt-in plaintiffs did not know the standard. Only CK Lee could have manufactured Juan Mejia, Hector Ventura, and Carly Zincone's perjury. That perjury is discussed below.

37. On December 28, 2023, CK Lee filed the written Gonzalez Complaint through Pacer to execute the Scheme. The Gonzalez Complaint contained the following false statement:

"Because of the proximity of the Restaurants, the Restaurants interchange employees and supplies." (Gonzalez Complaint ¶ 9(b).)  This was a falsehood.  Bongo, Charred, and Puglia's assert that the Gonzalez Complaint is full of many falsehoods.  The above falsehood supported CK Lee's argument for bringing Charred and Puglia's into Gonzalez's case.  Filing the Gonzalez Complaint was the initiating step in CK Lee's scheme.

   38. On October 18, 2024, CK Lee filed through Pacer a written sworn declaration from Gonzalez in support of Gonzalez's motion seeking an FLSA collective action.  CK Lee made this filing to further execute the Scheme.  Gonzalez's declaration contained the following false statements:

  a. "[T]he Restaurants usually transfer employees and supplies."

  b. "Based on . . . conversations with my co-workers, other kitchen employees employed by Defendants were compensated at similar fixed salaries . . . . I always spoke with my co-workers . . . about our wages and we always spoke about being paid on a fixed salary."

  c. "Because the Restaurants are located basically next to one another on the same block, I was always required to transfer supplies from one restaurant to another. Other employees were also required to transfer supplies among the Restaurants. Whenever I transferred supplies between Bongo Burrito and Charred Brick Oven, I would always see my other co-workers, including Maria, Jorge, Kenneth, Antonio, Ety, Glenda, and Cameron, transferring supplies as well. We would also talk about how we were tired of having to transfer supplies on top of our regular duties working in the kitchen. This was a lot of hard physical work."

39. On December 29, 2025, the defendants in the Gonzalez Action took Juan Mejia and Hector Ventura's deposition virtually through the internet.  CK Lee, through his clients Juan Mejia and Hector Ventura's, used the virtual deposition to further execute the Scheme.

40.  Juan Mejia only worked at Charred in 2021, and left Charred in about October 2021.  Bongo did not open until June 2023.  At Juan Mejia's December 29, 2025, deposition, Juan Mejia testified under oath as follows:

> Q  Do you recall somebody telling you that they were sent to work at Bongo Burrito?
>
> A Correct.
>
> Q How many times a week did somebody tell you that they were sent to work at Bongo Burrito?
>
> A It would all depend, like, if maybe somebody else was out sick at the other place or due to an emergency, then Greg would be in charge of bringing, you know, the other people to work there.
>
> Q When you say "there," are you talking about bringing them to Bongo Burrito?
>
> A Correct.
>
> ***
>
> Q What type of employees were sent to Bongo Burrito?
>
> A Cooks and dishwashers.
>
> Q Did these cooks and dishwashers tell you about Bongo Burrito?
>
> A Correct.

41. Hector Ventura only worked at Charred in February 2022. Again, Bongo did not open until June 2023. At Hector Ventura's December 29, 2025, deposition, Hector Ventura testified under oath as follows:

> Q Did he own any other restaurants on the same block?
>
> A Yes, he also owned another restaurant.
>
> Q Was the other restaurant Bongo Burrito?
>
> A Yes, yes, I took notice of that.
>
> Q How did you take notice of Bongo Burrito?
>
> A Because the same coworkers said, "Oh, we just came from working at this other place from ours."
>
> Q They said they came from working at Bongo Burrito?
>
> A So they used to talk amongst themselves like, "Okay, we went to work at the other place first, did some hours there, then came back to work at Charred." Or, "We went to Charred first and then went to do some work at the other place, work some hours there."
>
> Q Which other place are you referring to?
>
> A The steakhouse that was there about two minutes away.
>
> Q What about Bongo Burrito?
>
> A I never worked there, but I did overhear my coworkers, that they used to go work, you know, days over there at the other place.
>
> Q Does that include Bongo Burrito as well as the steakhouse?
>
> A Yes, including the both, but I don't know the exact, like, which one they would go to, you know, work at.

\*\*\*

Q Did Selvin ever go to the other restaurants?

A Yes, he would, like, basically go from one place to another for, like, hours and days. That's what he would tell me or say.

Q Did he ever say that he went to Bongo Burrito?

A Yeah, he would say it, he would say it over there.

Q He said he went to Bongo Burrito?

A Correct.

42. On January 16, 2026, CK Lee transmitted to Silverberg P.C., the law firm for the defendants in the Gonzalez Action, via email, Juan Mejia and Carly Zincone's sworn written declarations. These declarations were in support of CK Lee's motions, on his clients' behalf, for summary judgment and for a Rule 23 class certification. CK Lee made this email transmittal to further execute the Scheme. On January 20, 2026, CK Lee filed through Pacer a required cover letter to EDNY Judge Natasha Merle to inform Judge Merle that CK Lee had transmitted to Silverberg P.C. a motion for summary judgment and a motion for a Rule 23 class certification.

    a. Juan Mejia stated in his sworn declaration that CK Lee transmitted by email:

> For about a year and a half, spanning 2021 to 2022, I worked as a pizzaman for Defendants, Charred Brick Oven, located at 3915 Merrick Rd, Seaford, NY 11783, which is one of the three restaurants they own and operate on the same block. Although I did not work at the other locations, I absolutely, 100%, know that other employees went to work at Bongo Burrito or Puglia's, on an as-needed basis. Each of those restaurants are owned and operated by Defendants.

    b. Carley Zincone stated in her sworn declaration that CK Lee transmitted by email:

> I worked from May 2021 until March 2022 as a waitress and bartender for Defendants' Charred Brick Oven restaurant, located

at 3915 Merrick Rd, Seaford, NY 11783. I know that Defendants also own two other restaurants on the same block. The other restaurants are Bongo Burrito and Puglia's Steakhouse. My co-workers were sometimes asked to work at the other locations or bring supplies back and forth.

43. Juan Mejia and Carley Zincone's statements were obviously false because Bongo did not exist at the time they worked at Charred.

44. All CK Lee's Pacer filings in the Gonzalez Action were in furtherance of executing the Scheme.

45. CK Lee's pattern of racketeering activity satisfies the RICO Act "patten" requirement as both an opened-ended pattern and a closed ended pattern of racketeering activity.

46. CK Lee's conduct has directly and proximately injured Bongo, Charred, and Nola. Bongo, Charred, and Nola have had to incur legal costs to defend the Gonzalez Action, which legal costs are estimated around $200,000.  In February 2026, Greg Garofalo tried to sell Nola. The buyer backed out when he heard about the Gonzalez Action.  D & L Restaurant Corp. lost a sale worth about $300,000.

47. Bongo, Charred, and Nola seek treble damages against CK Lee in the amount of $1.5 Million, as well as Bongo, Charred, and Nola's attorneys' fees in this matter.

**Cause of Action #2**
**Violation of New York Judiciary Law § 487**

48. Plaintiffs repeat all prior paragraphs as if fully stated herein.

49. New York Judiciary Law § 487(1) states: "An attorney or counselor who [i]s guilty of any deceit . . . with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and

in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action."

50. As shown above, CK Lee, through his law firm Lee Litigation, devised a scheme to commit deceitful acts (wire fraud, witness tampering, perjury) to deceive the court. CK Lee's deceitful acts directly and proximately injured Bongo, Charred, and Nola.

51. Under Judiciary Law § 487, Bongo, Charred, and Nola seek treble damages against CK Lee in the amount of $1.5 Million.

WHEREFORE, plaintiffs Wicked Taco LLC d/b/a Bongo Burrito, NDL Restaurant Corp. d/b/a Charred Brick Oven, D & L Restaurant Corp. d/b/a Nola Kitchen f/n/a Puglia's requests the following judgment against defendant C.K. Lee:

  a. Cause of Action 1: Damages against CK Lee for RICO violations in the amount of $1,500,000, and plaintiffs' attorneys' fees;

  b. Cause of Action 2: Damages against CK Lee for Violating Judiciary Law § 487 in the amount of $1,500,000; and,

  c. Court costs and disbursements, and such other, further, and different relief as to the Court deems just and proper, including pre- and post-judgment interest, attorney fees, and punitive damages.

## JURY DEMAND

Pursuant Federal Rules of Civil Procedure, Rule 38(e), plaintiff demand trial by jury on all issues so triable as of right by jury.

[Intentionally Blank]

Dated: February 10, 2026
     Central Islip, New York

                                       SILVERBERG P.C.
*Attorneys for Plaintiffs*
*Wicked Taco LLC d/b/a Bongo Burrito,*
*NDL Restaurant Corp. d/b/a Charred Brick,*
*D & L Restaurant Corp. d/b/a Nola Kitchen*
*f/n/a Puglia's*

By: __/s/ Karl Silverberg_
    Karl Silverberg, Esq.

320 Carleton Avenue, Suite 6400
Central Islip, NY 11722
(631) 778-6077