# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

**<u>Via ECF</u>**                                                                  March 12, 2026
Honorable Natasha C. Merle, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:     *Wicked Taco et al. v. C.K. Lee*
                <u>Case No.: 2:26-cv-00767</u>

Dear Judge Merle:

I represent the Defendant, C.K. Lee, in the above-captioned and write to request that this case be reassigned to the original judges designated on this case, District Judge Joan M. Azrack and Magistrate Judge Steven I. Locke, since this case is before Your Honor only because Plaintiff's counsel improperly designated this case as related to *Gonzalez v. Wicked Taco, LLC et al.* (23-cv-09555, E.D.N.Y.). Defendant also requests that briefing be stayed on all pending motions in the *Gonzalez* action, pending adjudication of Defendant's anticipated motion to dismiss in the instant matter.

On March 10, 2026, following the in-person initial conference before Magistrate Judge Marutollo, the parties met and conferred for approximately 5 minutes to discuss Defendant's request to reassign this case back to District Judge Joan M. Azrack and Magistrate Judge Steven I. Locke. The parties also discussed Defendant's request to brief the anticipated motion to dismiss in this case and stay all motions in the other matter presently before this Court. The parties engaged in a meaningful exchange, but Plaintiffs do not consent to this request.

Defendant does not believe this action belongs before this Court. While Plaintiffs' allegations in the instant action do arise from what Plaintiffs allege was attorney misconduct in *Gonzalez*, Plaintiffs' claims turn entirely on the nature of the conversations between Defendant and the *Gonzalez* plaintiffs. The details of such conversations have nothing to do with the broader class wage issues being litigated in *Gonzalez*. *See also Ruchinsky v. Devack*, 2014 U.S. Dist. LEXIS 71221, at *27 (E.D.N.Y. May 22, 2014) ("[s]tatements made by parties and their attorneys in the context of a legal proceeding in New York State courts are 'absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation.'"). Accordingly, keeping the cases together as related will not result in "a substantial saving of judicial resources [that] is likely to result from assigning both cases to the same District and/or Magistrate Judge"—the rationale for treating cases as related. Rules for the Division of Business for EDNY 3(a).

Although Magistrate Judge Marutollo had set a briefing schedule for the Motion for Sanctions in the *Gonzalez* case, Defendant requests that briefing be stayed on such motions, pending adjudication of Defendant's anticipated motion to dismiss in the instant matter. As indicated by Judge Marutollo, the conflict requiring adjudication in *Gonzalez* is substantially the

same as those claims being raised in this case against Defendant. Defendant has a strong interest in adjudicating the claims against him in this case and receiving a full meritorious disposition expeditiously, rather than letting this case languish. Furthermore, the *Gonzalez* plaintiffs have an interest in quickly disposing their case rather than suffer additional delays based on what we perceive to be retaliatory litigation to frustrate and impede their lawsuit from proceeding.

I thank the Court for considering these requests.

Respectfully submitted,

*/s/ James Jackson*
James Jackson, Esq.

cc:     Magistrate Judge Marutollo